SILLER WILK LLP
675 Third Avenue
New York, New York 10017
(212) 421-2233
Eric J. Snyder, Esq. (ES 8032)
Proposed Counsel for the Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

MAX LANG,

                          Debtor.
-------------------------------------------------------x

Chapter 11

Case No: 09-14810 (ALG)

## APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE RETENTION OF SILLER WILK LLP AS COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION

**TO:   THE HONORABLE ALLAN L. GROPPER,
         UNITED STATES BANKRUPTCY JUDGE:**

Max Lang, an individual, the debtor and debtor-in-possession (the "Debtor"), respectfully sets forth and represent as follows:

## BACKGROUND

1.     On July 31, 2009 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.     The Debtor has remained in possession of his property and continued in the management and operation of his affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.     No trustee has been appointed in these cases. The Office of the United States Trustee has not yet formed an official committee of unsecured creditors.

4. Mr. Lang operates an art gallery under the name "Max Lang" located in Manhattan.

5. The Debtor was required to seek Chapter 11 relief due to reduced income, as a result of worsening economic conditions.

**RELIEF REQUESTED AND REASONS THEREFORE**

6. The Debtor desires to retain and employ Siller Wilk LLP ("SW") as their attorneys under a general retainer to perform the legal services set forth in paragraph 8 below.

7. The Debtor has determined to seek to substitute SW as its counsel because the Debtor believes that SW is well qualified to now act as its attorneys and to represent them as debtor and debtor-in-possession in this case. The Debtor has been informed that each of the attorneys who will be engaged in these services is duly admitted to practice in this Court as well as the Courts of the State of New York. In addition, SW has extensive experience in matters of this nature.

**ARRANGEMENTS REGARDING RETAINER AND FUTURE COMPENSATION**

8. The professional services that SW will render to the Debtor may be summarized as including:

        a. Legal advice with respect to the Debtors' powers and duties as debtors-in-possession in accordance with the provisions of the Bankruptcy Code in the continued operation of the Debtors' business and affairs;

        b. To prepare, on behalf of the Debtor, all necessary applications, motions, complaints, answers, orders, reports and other legal documents required by the Bankruptcy Code, Bankruptcy Laws and Local Rules;

      c.      To perform all other legal services for the Debtor, which may be necessary in connection with its attempt at reorganization under the Bankruptcy Code; and

      d.      To assist the Debtor in the development and implementation of a plan of reorganization.

9.      To the best of the Debtor's knowledge, SW has no connection with the Debtor's creditors or any other parties in interest or their respective attorneys, except as set forth in the attached Affirmation of Eric J. Snyder, Esq. (the "Affirmation"), a member of SW.

10.      To the best of Debtor's knowledge, SW represents no interest adverse to the debtors and debtors-in-possession, or this estate, or any other interested person in the matters with respect to which SW is being retained by the Debtor.

11.      The Debtor submits that the retention of SW is necessary and is in the best interests of this estate.

12.      SW is a "disinterested person", as that term is defined in Section101(14) of the Bankruptcy Code, in that said firm:

      a.      SW is not a creditor, equity security holder, or insider of the Debtor;

      b.      SW Is not and was not, within two (2) years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor; and

      c.      SW does not hold an interest materially adverse to the interests of the estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship with, or interest in, the Debtor.

13.      No prior request for the relief sought herein has previously been made.

**WHEREFORE,** the Debtor respectfully requests the entry of an order: (i) authorizing the employment of SW as counsel to the Debtor, and (ii) granting such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
      July 31, 2009

By:        /s/ Max Lang_____
              Max Lang

# EXHIBIT A

SILLER WILK LLP
675 Third Avenue
New York, New York 10017
(212) 421-2233
Eric J. Snyder, Esq. (ES 8032)
Proposed Counsel for the Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

In re:

MAX LANG,

Chapter 11

Case No: 09-14810(ALG)

Debtor.

------------------------------------------------------x

### AFFIDAVIT IN SUPPORT OF APPLICATION TO EMPLOY SILLER WILK LLP AS COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION

STATE OF NEW YORK    )
                              ) ss:
COUNTY OF NEW YORK    )

ERIC J. SNYDER, being duly sworn, deposes and says:

1.      I am a member of the law firm Siller Wilk LLP ("SW") with offices located at 675 Third Avenue, New York, New York 10017. I am duly admitted to practice law in the State of New York and before this Court.

2.      SW does not represent any creditors or any other party in interest or their respective attorneys in any matter adverse to Max Lang, debtor-in-possession herein (the "Debtor").

3.      Moreover, SW is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, in that:

         a.      SW is not a creditor, equity security holder, or insider of the Debtors;

         b.      SW is not and was not, within two (2) years before the date of the filing of the Debtor's Chapter 11 petitions, a director, officer, or employee of the Debtor; and

c.    SW does not hold an interest materially adverse to the interests of the estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship with, or interest in, the Debtor.

4.    The rates for attorneys in my firm range from $145 for paraprofessionals, $290 to $390 per hour for associates and $425 to $525 per hour for partners. I will be primarily responsible for providing services on behalf of the Debtor at the rate of $500 per hour for services to be rendered on behalf of the Debtor.

5.    Since February, 2009, SW has provided services to the Debtor and to three entities in which he holds an interest. During February, 2009, SW received the sum of $5,000, on account of these services, from Dr. Francis Lang, the brother of the Debtor and a creditor of the Debtor. Immediately prior to the Petition Date, SW received the sum of $37,500 from the Debtor. Of this amount, $15,500 was applied to the aforementioned services. Of the $15,500 applied prior to the Petition Date, $7,900 related to invoices incurred during the months of June and July 2009. The remaining $22,000 is being held as a retainer in this bankruptcy case for services rendered and expenses to be incurred in the bankruptcy case.

Dated:  August 5, 2009

                            /s/ Eric J. Snyder
                            ERIC J. SNYDER

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:

MAX LANG,

                                       Chapter 11

                                       Case No: 09-14810 (ALG)

                     Debtor.

------------------------------------------------------------x

## ORDER AUTHORIZING AND APPROVING THE
## RETENTION OF SILLER WILK LLP AS COUNSEL
## FOR DEBTOR AND DEBTOR-IN-POSSESSION

Upon the annexed application (the "Application") of Max Lang, the debtor and debtor-in-possession (the "Debtor"), seeking an order of this Court approving the retention of Siller Wilk LLP ("SW") as the Debtor's counsel under a general retainer; and upon the affidavit of Eric J. Snyder, Esq., a member of SW (the "Affidavit") which is attached to the Application; and it appearing that: (i) SW neither represents nor holds any interest adverse to the Debtor or its estate with respect to the matters upon which it is to be engaged, as set forth in the Affirmation; (ii) SW is a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code; and (iii) the employment of SW is necessary and would be in the best interests of the estates; it is now, hereby

**ORDERED**, that in accordance with Section 327(a) of the Bankruptcy Code, the Application seeking to retain SW as counsel for the Debtor for the purposes set forth in the Application, *nunc pro tunc* to July 31, 2009, is hereby authorized and approved; and it is further

**ORDERED**, that compensation to SW for professional services rendered on behalf of the Debtor shall be determined by this Court only upon a proper application having been made therefore, as required under the Bankruptcy Code.

Dated: New York , New York
      August __, 2009

_____

HONORABLE  ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:

_____

Office of the United States Trustee